FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/3/2019 2:04 PM
JAMIE SMITH
DISTRICT CLERK
E-203629

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL HEBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| DOUGLAS AARON PHARR AND | § | |
| AARON OMAR CASTRO | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael Hebert ("**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants United Property & Casualty Insurance Company, Douglas Aaron Pharr and Aaron Omar Castro (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.     Plaintiff Michael Hebert is an individual residing in Jefferson County, Texas.

3.     Defendant United Property & Casualty Insurance Company is a domestic insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, CT Corporation System, *1999 Bryan Street, Suite 900, Dallas, Texas 75201,* or wherever else it may be found.

4.     Defendant Douglas Aaron Pharr is an individual licensed to do, and at all time material hereto called the filing a right of office

business in Texas as an adjuster, and who

May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 1 of 18

may be served with personal process at his residence located at 381 LCR 122, Mount Calm, Texas 76673, or wherever else he may be found.

5. Defendant Aaron Omar Castro is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster, and who may be served with personal process at his residence located at 1800 Lee Trevino Drive, Suite 101, El Paso, Texas 79936, or wherever else he may be found.

JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount of controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief under $75,000.00, including damages of any kind (including, but not limited to, actual damages, treble damages, additional damages, mental anguish damages, penalties, costs, expenses, pre-judgment interest, and attorney's fees). Accordingly, there is no federal jurisdiction and this case is not removable to federal court. If Defendant improperly removes the case to federal court, Plaintiff request reasonable and necessary attorneys' fees for remanding the case. Plaintiff reserves the right to amend his pleading as per the Texas Rules of Civil Procedure.

7. The court has jurisdiction over Defendant United Property & Casualty Insurance Company because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the state of Texas.

8. The court has jurisdiction over Defendants Douglas Aaron Pharr and Aaron Omar Castro because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 2 of 16

2

## VENUE

9.      Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by United Property & Casualty Insurance Company (referred to herein as "**Insurance Company**").

11.     Plaintiff owns the insured property, which is specifically located at 945 Norwood Drive, Beaumont, Texas 77706 (hereinafter referred to as "**the Property**").

12.     Insurance Company sold the Policy insuring the Property to Plaintiff.

13.     On or about November 7, 2018, Plaintiff sustained wind and water damage to the following areas of the Property:  roof, living room and powder room.  Plaintiff filed a claim with his Insurance Company for the damages to his home.

14.     Pursuant to the Policy, Plaintiff asked that the Insurance Company pay for the damage to the Property.

15.     The Insurance Company, without requiring written notice of the claim from the Plaintiff, assigned adjuster, Douglas Aaron Pharr ("Pharr") and adjuster, Aaron Omar Castro ("Castro") (referred to jointly as "**Adjuster**"), who were improperly trained by Insurance Company, or otherwise neglected any such training and failed to perform a thorough investigation of the Claim.

16.     Castro was the initial adjuster assigned to Plaintiff's claim by Insurance Company.  Castro acknowledged the receipt of Plaintiff's claim on November 12, 2018.  Castro called Plaintiff and advised Insurance Company would be paying for the damages inside the home by either paying for the damages or his home not being denied coverage.

I CERTIFY THIS IS A TRUE COPY

May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 3 of 18

3

17.     Pharr was later assigned by Insurance Company and/or Castro to inspect Plaintiff's claim and estimate the damages to Plaintiff's roof.

18.     Pharr and/or Castro were improperly trained by Insurance Company, or otherwise neglected any such training and failed to perform a complete investigation of the Claim. Adjuster visited the Property and conducted a substandard inspection of Plaintiff's property.

19.     The inadequacy of Adjuster's inspection is further evidenced by the fact that Adjuster's determined there were only damage to the inside of the property.  The Adjuster's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

20.     Adjuster was improperly trained by Insurance Company, or otherwise neglected any such training and failed to perform a complete investigation of the Claim.

21.     Adjuster's inadequate investigation was ratified by Insurance Company in this matter and resulted in the Claim being denied and/or underpaid.  Specifically, Plaintiff received a phone call from Castro stating the roof damages were not covered by that Insurance Company would pay for damages to the interior of the home.

22.     Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned Adjuster, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiff's claim.

23.     This unreasonable investigation resulted in the considerable underpayment of Plaintiff's claim.

24.     Together, Defendants Insurance Company and Adjuster set out to deny and underpay properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiff and failed to fully scope the damages, and undervalued the damages, thus denying adequate and sufficient payment to Plaintiff.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Janie Smith Page 4 of 18

25.    The mishandling of the claim has also caused a delay in Plaintiff's ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive full payment under the Insurance Policy.

·26.    The Insurance Company ratified the Adjuster's inadequate methods and investigation, resulting in Plaintiff's claims being denied in part and undervalued and underpaid in part. The unreasonable investigation of Plaintiff's claim resulted in the considerable underpayment and wrongful denial of the claim. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

27.    The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.  In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters.  Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiff's claim.

28.    Moreover, Adjuster was aware that the Insurance Company was incentivizing

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 5 of 18

them to minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Adjuster accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

29.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Insurance Company denied Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

30.     Insurance Company continues to delay paying Plaintiff for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home.

31.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiff's damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiff for monies owed to him under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith Page 6 of 18

provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiff.

32.      Defendants Insurance Company and Adjuster misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

33.      Defendants Insurance Company and Adjuster failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. As such, Defendants Insurance Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

34.      Defendants Insurance Company and Adjuster failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. As such, Defendants Insurance Company's and Adjuster's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

35.      Defendants Insurance Company and Adjuster failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjuster. As such, Defendants Insurance Company's and Adjuster's

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 7 of 18

conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

36.     Defendants Insurance Company and Adjuster refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjuster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. As such, Defendants Insurance Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

37.     After receiving notice of Plaintiff's claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim and request all information reasonably necessary to investigate Plaintiff's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

38.     Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

39.     Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim. As such, Insurance Company's conduct in this regard constitutes a

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Janie Smith Page 8 of 18

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

40.     From and after the time Plaintiff's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

41.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

42.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTER

43.     In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 42 as if fully set forth *verbatim*.

44.     Insurance Company assigned Defendants Douglas Aaron Pharr and Aaron Omar Castro to adjust the claim. Defendants Douglas Aaron Pharr and Aaron Omar Castro were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, Defendants Douglas Aaron Pharr and Aaron Omar Castro failed to properly assess Plaintiff's damages. Defendants Douglas Aaron Pharr and

Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 9 of 18

Aaron Omar Castro also omitted covered damages from their report. In addition, the damages that Defendants Douglas Aaron Pharr and Aaron Omar Castro failed to include in their estimate resulted in the improper denial of the claim.

45.    As such, Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.    Defendants Douglas Aaron Pharr and Aaron Omar Castro are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Insurance Company, because they are a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

47.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjuster's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 10 of 18

compensation Plaintiff received.   Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

48.     Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

49.     Adjuster failed to explain to Plaintiff the reason for their inadequate settlement. Specifically, Adjuster failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Adjuster, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

50.     Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 11 of 18

51.    Adjuster did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

**CAUSES OF ACTION AGAINST**
**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

52.    In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 51 as if fully set forth *verbatim*.

53.    Insurance Company is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the duty of good faith and fair dealing.

**BREACH OF CONTRACT**

54.    Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

55.    Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiff.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 12 of 18

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

56.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

57.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

58.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

59.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

60.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

61.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

TEX. INS. CODE §541.060(8).



I CERTIFY THIS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith Page 13 of 18

13

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

62.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

63.     Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

64.     Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

65.     Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

66.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 65 as if fully set forth *verbatim.*

67.     Adjuster are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

68.     Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjuster, including the completion of their duties under the common and statutory law.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Janie Smith* Page 14 of 18

14

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

69.     In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 68 as if fully set forth *verbatim*.

70.     Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in his Policy.

71.     Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

72.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 71 as if fully set forth *verbatim*.

73.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

74.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 73 as if fully set forth *verbatim*.

75.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

76.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 15 of 18

to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

77.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorneys' fees.

78.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff is entitled to three times his actual damages. TEX. INS. CODE §541.152.

79.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

80.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

81.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 16 of 18

## JURY DEMAND

82.   Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff is tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

83.   All conditions precedent to Plaintiff's claim for relief has been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

## REQUEST FOR DISCLOSURE

84.   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself to be justly entitled.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 17 of 18

17

Respectfully Submitted,

RAMSEY LAW

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFF**


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith Page 18 of 18

18