| | |
|---|---|
| MICHAEL HEBERT, § § Plaintiff, § § versus § § UNITED PROPERTY & CASUALTY § INSURANCE COMPANY, § § Defendant. § | CASE NO. 1:19-CV-00234-MAC |

MICHAEL HEBERT,

    Plaintiff,

versus

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO. 1:19-CV-00234-MAC

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. The court has received and considered the report (Doc. No. 11) of the magistrate judge, who recommends that the court grant Plaintiff Michael Hebert's "Motion to Remand" (Doc. No. 6) because the state court's dismissal of claims against Douglas Aaron Pharr ("Pharr") and Aaron Omar Castro ("Castro") was an involuntary act as to the plaintiff. On October 23, 2019, Defendant United Property & Casualty Insurance Company ("UPC") filed its "Objection to Report and Recommendation." Doc. No. 12.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

First, UPC objects to the magistrate judge's conclusion that because UPC elected liability for Pharr and Castro after suit was filed, the case is not removable "on its face nor after UPC's election of liability." Doc. No. 12, p. 3. Removal of an action to federal court based on diversity of citizenship requires complete diversity and an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1441, 1446. The case was not removable on its face because Pharr, Castro, and Hebert are Texas citizens and, therefore, there was not complete diversity. Under the voluntary-involuntary rule, a case generally can become removable only by an affirmative act by the plaintiff. *See* 28 U.S.C. § 1446(b)(3). UPC's election of post-suit liability was an involuntary act with regard to the plaintiff. *See Stephens v. Safeco Ins. Co. of Ind.,* No. 4:18-CV-00595, 2019 WL 109395, at *1, 5 (E.D. Tex. Jan. 4, 2019). Therefore, the case was not removable on its face or after UPC's election of liability.

UPC then objects to the magistrate judge's determination that the improper joinder exception to the voluntary-involuntary rule does not apply. Doc. No. 12, p. 3. Specifically, UPC argues that this court should adopt the court's holding in *Yan Qing Jiang v. Travelers Home & Marine Ins. Co.,* which held that insurance agents were improperly joined parties and therefore must be dismissed. No. 18-CV-758, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018).[1] Although Texas Insurance Code 542A.006 requires dismissal of an insured's claims against the agent if the insurance company assumes liability, it does not follow that the initial claim against the agent was an improper joinder. *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-155, 2019 WL 3024792, at *6 (S.D. Tex. July 11, 2019). To establish an improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish

---

[1] The court in *Flores v. Allstate Vehicle & Prop. Ins. Co.* reached a similar conclusion. No. 18-CV-742, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018).

a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the second prong was considered by the court in *Jiang*, which found that following post-suit election of liability, there was no possibility of plaintiff's recovery from the agent. *Id*. An insurer's post-suit election of liability, however, does not retroactively render adjusters improperly joined parties. *Yarco Trading Co., Inc.*, 2019 WL 3024792, at *6. Hebert need only have stated valid claims against Pharr and Castro when suit was initially filed for the parties to be properly joined. The magistrate judge accurately states that the Texas Insurance Code creates a private right of action for damages caused by a "person" engaging in an unfair insurance act or practice. TEX. INS. CODE § 541.151. Although the court does not determine the merits of Hebert's argument, Hebert's allegation that Pharr and Castro conducted an inadequate inspection is a valid state claim. *Id*. Therefore, Pharr and Castro were not improperly joined parties, and the improper joinder exception to the voluntary-involuntary rule does not apply. *See Stephens*, 2019 WL 109395, at *1, 5.

Finally, UPC argues that the court erred in not following the "settled precedents" of *Jiang* and *Flores*. *Jiang*, 2018 WL 6201954, at *2; *Flores*, 2018 WL 5695553, at *5. The magistrate judge addresses the conflicting opinions in the Southern, Western, and Eastern Districts of Texas regarding removability following post-suit election of liability. Doc. No. 11, p. 7-8 n.6. Even UPC concedes that *Stephens v. Safeco Insurance Company of Indiana*, a case relied upon in the magistrate judge's recommendation, "does not provide the only framework [regarding] the issue." Doc. No. 12, p. 3. This contradicts UPC's later claim that the issue is "settled precedent" as set forth in *Jiang* and *Flores*. Doc. No. 12, p. 3. Because there are conflicting opinions in the Southern, Western, and Eastern Districts

of Texas regarding removability following post-suit election of liability, Jiang and Flores are not settled law.

It is, therefore, **ORDERED** that Defendant's objections (Doc. No. 12) are **OVERRULED**, Judge Hawthorn's report and recommendation (Doc. No. 11) is **ADOPTED**, and Plaintiff's "Motion to Remand" (Doc. No. 6) is **GRANTED**.

SIGNED at Beaumont, Texas, this 30th day of October, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE